## MARGULIES v. DAMROSCH.

(Supreme Court, Appellate Division, First Department. December 31, 1897.)

DEPOSITION—APPLICATION FOR COMMISSION—LACHES.

In an action which was at issue on September 22, 1896, a stipulation to refer the action was made a month later, but no further efforts were made to prepare for trial until the plaintiff moved, in March, 1897, for a commission to take testimony, which was not executed until August. Before the interrogatories attached thereto had been settled, defendant also moved for a commission, which was denied June 30, 1897, for defect in the papers, with leave to renew. The latter motion was renewed on August 9, 1897, and again denied, upon technical objections interposed by plaintiff, with leave to renew. It was made again on November 24, 1897, and was then denied solely on the ground of laches. *Held*, that the facts raised no presumption of bad faith on defendant's part, and that, therefore, under Code Civ. Proc. § 888, the denial of the last motion was erroneous.

Appeal from special term.

Action by Leon Margulies against Walter Damrosch. From an order denying motion of defendant for a commission to take testimony out of the state, he appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Julius Lehman, for appellant.

Lewis Hicks, for respondent.

RUMSEY, J. This action was at issue by the service of a reply on the 22d day of September, 1896. One month afterwards a stipulation to refer the action was made, but there seems to have been no effort of either party to prepare for trial until the month of March, 1897, at which time the plaintiff moved for a commission to take his own testimony in Paris. This commission, however, was not finally executed until the 9th day of August, 1897. Before that had been done, and before the interrogatories attached to that commission had been settled, the defendant moved to take the testimony of Carl Harder by commission, but that motion was denied on the 30th of June, 1897, for defect in the papers, with leave to renew. It was renewed on the 9th of August, 1897, but was again denied upon a technical objection interposed by the plaintiff, which did not go at all to the merits of the motion. Leave to renew was also given when this motion was denied, and the order denying it was entered on the 12th day of August, 1897. Pursuant to that leave, this motion was made on the 24th of November, 1897. There seemed to be no objection to the form of the papers, but this motion was denied solely upon the ground of laches, and that ground is stated in the order. We think this disposition of the motion was error. Section 888 of the Code of Civil Procedure provides that the motion for a commission must be granted upon satisfactory proofs of the necessary facts, unless it shall appear that the application is not made in good faith. No presumption of bad faith can arise from the facts which appear in these papers. There is nothing to show that the plaintiff has suffered in the slightest degree from any delay, and it appears that the

defendant, since the month of June, has been strenuously insisting upon his right to have this commission, which has been prevented solely because of technical objections interposed by the plaintiff. After having kept the defendant out of his right several months by reason of these objections, it is hardly consistent for the plaintiff to insist now that this application was not made soon enough. The order appealed from should be denied, and the motion for the commission granted. No stay, however, will be given, but, if a stay becomes necessary, the defendant may apply for it at special term, or, if the case is brought on before the referee, he can make such application to him for a postponement as it may be necessary.

Order reversed, with $10 costs and disbursements to the appellant, and order for a commission granted, with $10 costs to abide event. All concur.