(45 Misc. 342)

### VALENTINE et al. v. ROSE.

(Supreme Court, Appellate Term.   November 10, 1904.)

1. DEPOSITIONS—COMMISSION—LACHES.

An action had been at issue for more than two years, and, after appearing on the calendar for trial at the February term, 1904, was continued, and ultimately appeared on the day calendar for trial on June 16, 1904, when an inquest was taken; defendant not being ready for trial. Thereafter defendant's default was opened on terms including a stipulation to try the case on the first Monday of October, 1904. Defendant then moved for a commission to take testimony of witnesses residing in Texas; the motion being made returnable on September 7th. *Held* that, in the absence of any explanation of defendant's delay, it was not error to deny the application for laches.

Appeal from City Court of New York, Special Term.

Action by Moses M. Valentine and another against Isaac E. Rose. From an order denying defendant's motion for a commission to take testimony, he appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Maurice S. Hyman, for appellant.
Jacob Fromme, for respondents.

BISCHOFF, J. The defendant's motion for a commission to take testimony of witnesses disclosed to be material was made returnable on the 7th day of September, 1904, and was denied upon the ground of laches. It is insisted by the appellant that, since no stay was applied for, and since the commission could have been executed and returned before the first Monday of October, the court improperly exercised its discretion adversely to the application. We think there is no error in the disposition made of the motion.

It appears that this action had been for more than two years at issue, and had appeared on the calendar for trial at the February term, 1904; that the trial was then postponed, at the defendant's request, until the March term, and ultimately appeared on the day calendar for trial on the 16th day of June, 1904, when an inquest was taken because the defendant was not then ready for trial. Subsequently, on motion of defendant, the default was opened on terms which included the defendant's stipulation to try the case on the first Monday of October. The motion for a commission having been made returnable on the 7th of September, and the witnesses to be examined being residents of Texas, it is apparent that only with the utmost expedition, and with the intervention of no

possible circumstances leading to delay, which might arise without the active fault of the parties, but the possibility of which should be taken into account, could this commission be executed in such season as not to delay the trial. The plaintiff was entitled to have the action tried as stipulated, without being subjected to further possible delay; and, while no stay was asked for, the court below was justified in reaching the inference that there was bad faith in the making of the application at a date so close to the stipulated time of the trial. Mere delay in an application for a commission may not amount to laches, where no rights of the adverse party are to be affected, and where the circumstances do not warrant an inference of bad faith. Margulies v. Damrosch, 24 App. Div. 15, 48 N. Y. Supp. 936. But where the delay, under the particular circumstances of the case, does suggest an inference of bad faith, the inference should not be met by matter of explanation, if the party applying for the commission is to be granted the relief sought. Rathbun v. Ingersoll, 34 N. Y. Super. Ct. 211. Here there is no explanation, and the bona fides of the defendant is left in such apparent doubt as to justify the exercise of discretion in the denial of the motion.

Order affirmed, with costs and disbursements. All concur.